Turley, J.
delivered the opinion of the court.
In this case Woodfin, the plaintiff, sued out of the Circuit Court of Fayette, on the 7th September, 1842, a writ of capias ad respondendum against the defendant,- Hooper, which was served by the sheriff, and an insufficient bail bond taken for his appearance, to which the plaintiff excepted, and took such steps at the September term, 1842, of said court as to hold the sheriff responsible as appearance bail. At the January term, 1843, the plaintiff obtained judgment against defendant, and moved the court for a writ of ca. sa. thereon, which was refused by the court, and this writ of error is thereupon prosecuted.
The question presented and argued involves the constitutionality of an act of the last legislature abolishing the use of the writ of ca. sa. altogether. This act, the plaintiff argues, impairs the obligation of his contract made previous to its passage, and, therefore, can have no obligatory force in his case. This proposition is denied by defendant, and the weight of authority clearly sustains him. Mr. Story in his Treatise on the Constitution, page 503-703, says: “In the next place, what may properly be deemed impairing the obligation of contracts in the sense of the constitution? It is perfectly clear that any law which enlarges, abridges, or in any manner changes the intention of the parties resulting from the stipulations in the contract necessarily impairs it. The manner or degree in which the change is effected can in no respect influence the conclusion; for whether the law affect the validity, the construction, the duration, the discharge or the evidence of the contract, it impairs its obligation, though it may not do so to the same extent in all the supposed cases. Any deviation from- its terms by postponing or accelerating the period of performance, which it prescribes, imposing conditions not expressed in the contract, or dispensing with those which are a part of the contract, however minute or apparently immaterial in their effect, impair its obligation. A fortiori, a law which makes a contract wholly invalid, or extinguishes or releases it, is a law impairing it. Nor is this all; although there is a distinction between the obligation of a contract and a remedy upon it, yet if there arc cer- *21 Lain remedies existing at the time when it is made, all of which are afterwards wholly extinguished by a new law, so that there remains no means of enforcing its obligation, and no redress, such an abolition of remedies operating inpraesenti is also impairing the obligation of such contract. But every change and modification of the remedy does not involve such a consequence. No one will doubt that the legislature can vary the nature and extent of remedies, so always that some substantive remedy be in fact left. Nor can it be doubted that the legislature may prescribe the terms and modes in which remedies may be pursued, and bar suits not brought within such periods and not pursued in such modes. Statutes of limitations are of this nature, and have never been supposed to destroy the obligation of contracts, but to prescribe the time within which the obligation shall be enforced by suit, and in default, to deem it either satisfied or abandoned. And a State legislature may discharge a party from imprisonment upon a judgment in a civil case of contract without infringing the constitution; for this is but a modification of the remedy, and does not impair the obligation of the contract. So if a party should be in jail and give bond for the prison liberty, and to remain a true prisoner until lawfully discharged, a subsequent discharge by an act of the legislature would not impair the contract, for it would be a lawful discharge in the sense of the bond.” This is stating the law very strongly for the defendant, and the Commentator’s is a name of great weight in the law; and his propositions are fully sustained by adjudicated cases. In the case of Sturges and Croioninshield, 4th' Cond. Rep. 410, it was adjudged by the Supreme Court of the United States, “that the right to imprison a debtor is no part of the contract, and he may be released from imprisonment without impairing its obligation.” In the case of Mason vs. Hale, 6th Cond. Rep, 535, it is held, “that the States have a right to regulate or abolish imprisonment for debt as a part of the remedy for enforcing the performance of contracts.” We are, therefore, of the opinion that our act of the legislature abolishing the use of the writ of ca. sa. is a ¿ood and valid act; and that the Circuit Judge committed no error in refusing the motion of the plaintiff in this case, and dismiss the appeal.